**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:
JOSEPH L FRAZIER
TINA M BENNETT
Debtor(s)

Case No. 12-47915

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Tom Vaughn, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 12/05/2012, and was converted to chapter 13 on 12/05/2012.

2) The plan was confirmed on 03/12/2013.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on 11/20/2013.

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5) The case was dismissed on 12/01/2015.

6) Number of months from filing to last payment: 33.

7) Number of months case was pending: 37.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: NA.

10) Amount of unsecured claims discharged without payment: $0.00.

11) All checks distributed by the trustee relating to this case have cleared the bank.

**Receipts:**

| | |
|---|---|
| Total paid by or on behalf of the debtor | $7,205.63 |
| Less amount refunded to debtor | $0.00 |

**NET RECEIPTS:** **$7,205.63**

**Expenses of Administration:**

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $3,500.00 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $280.69 |
| Other | $35.00 |

**TOTAL EXPENSES OF ADMINISTRATION:** **$3,815.69**

Attorney fees paid and disclosed by debtor: $0.00

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| AMERICAS FINANCIAL CHOICE | Unsecured | 285.47 | NA | NA | 0.00 | 0.00 |
| AMERILOAN | Unsecured | 300.00 | NA | NA | 0.00 | 0.00 |
| AT&T | Unsecured | 300.00 | NA | NA | 0.00 | 0.00 |
| BUCKEYE CHECK CASHING | Unsecured | 1,095.00 | NA | 1,274.86 | 0.00 | 0.00 |
| BUCKEYE CHECK CASHING | Secured | NA | 1,274.86 | 1,274.86 | 0.00 | 0.00 |
| BUDS AMBULANCE SVC | Unsecured | 1,063.00 | NA | NA | 0.00 | 0.00 |
| BUDS AMBULANCE SVC | Unsecured | 956.00 | NA | NA | 0.00 | 0.00 |
| CITY OF HARVEY WATER DEPT | Unsecured | 100.00 | NA | NA | 0.00 | 0.00 |
| COMCAST | Unsecured | 100.00 | NA | NA | 0.00 | 0.00 |
| COMMONWEALTH EDISON | Unsecured | 1,000.00 | 438.73 | 438.73 | 0.00 | 0.00 |
| DIRECT TV | Unsecured | 300.00 | NA | NA | 0.00 | 0.00 |
| DISH NETWORK | Unsecured | 17.00 | NA | NA | 0.00 | 0.00 |
| EMERGENCY MEDICAL SPECIALIST | Unsecured | 119.00 | NA | NA | 0.00 | 0.00 |
| IL DEPT OF EMPL0YMENT SECURITY | Unsecured | 4,600.00 | 4,152.50 | 4,152.50 | 0.00 | 0.00 |
| ILLINOIS DEPT OF REVENUE | Priority | 300.00 | 154.00 | 154.00 | 0.00 | 0.00 |
| ILLINOIS DEPT OF REVENUE | Unsecured | NA | 45.40 | 45.40 | 0.00 | 0.00 |
| ILLINOIS TITLE LOANS | Unsecured | 2,000.00 | NA | NA | 0.00 | 0.00 |
| ILLINOIS TITLE LOANS | Secured | 2,000.00 | NA | 4,000.00 | 3,083.27 | 306.67 |
| INGALLS MIDWEST EMERGENCY AS | Unsecured | 488.00 | NA | NA | 0.00 | 0.00 |
| INGALLS MIDWEST EMERGENCY AS | Unsecured | 341.00 | NA | NA | 0.00 | 0.00 |
| IQ TELECOM | Unsecured | 165.00 | NA | NA | 0.00 | 0.00 |
| LITTLE CO OF MARY HOSPITAL | Unsecured | 354.00 | NA | NA | 0.00 | 0.00 |
| LVNV FUNDING | Unsecured | 503.00 | 414.87 | 414.87 | 0.00 | 0.00 |
| METROSOUTH MEDICAL CENTER | Unsecured | 2,246.00 | NA | NA | 0.00 | 0.00 |
| MIDLAND FUNDING LLC | Unsecured | 1,279.00 | 1,279.29 | 1,279.29 | 0.00 | 0.00 |
| MIDLAND FUNDING LLC | Unsecured | 913.00 | 913.43 | 913.43 | 0.00 | 0.00 |
| MIDWEST EMERGENCY ASSOC | Unsecured | 544.00 | 864.00 | 864.00 | 0.00 | 0.00 |
| PAYDAY LOAN STORE OF IL INC | Unsecured | 618.47 | 707.46 | 707.46 | 0.00 | 0.00 |
| PEOPLES GAS LIGHT & COKE CO | Unsecured | 600.00 | 661.96 | 661.96 | 0.00 | 0.00 |
| QUANTUM3 GROUP LLC | Unsecured | NA | 693.74 | 693.74 | 0.00 | 0.00 |
| REWARDS660 VISA | Unsecured | 527.00 | NA | NA | 0.00 | 0.00 |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| REWARDS660 VISA | Unsecured | 472.00 | NA | NA | 0.00 | 0.00 |
| RWDS 660 DSB | Unsecured | 510.00 | NA | NA | 0.00 | 0.00 |
| RWDS 660 DSB | Unsecured | 458.00 | NA | NA | 0.00 | 0.00 |
| SANTANDER CONSUMER USA | Unsecured | 581.00 | NA | NA | 0.00 | 0.00 |
| SPRINT | Unsecured | 576.00 | NA | NA | 0.00 | 0.00 |
| SPRINT | Unsecured | 575.00 | NA | NA | 0.00 | 0.00 |
| TCF NATIONAL BANK | Unsecured | 310.00 | NA | NA | 0.00 | 0.00 |
| T-Mobile | Unsecured | 913.00 | NA | NA | 0.00 | 0.00 |

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $4,000.00 | $3,083.27 | $306.67 |
| All Other Secured | $1,274.86 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$5,274.86** | **$3,083.27** | **$306.67** |
| **Priority Unsecured Payments**: | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $154.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY**: | **$154.00** | **$0.00** | **$0.00** |
| **GENERAL UNSECURED PAYMENTS**: | **$11,446.24** | **$0.00** | **$0.00** |

**Disbursements:**

| | | |
|---|---|---|
| Expenses of Administration | $3,815.69 | |
| Disbursements to Creditors | $3,389.94 | |
| **TOTAL DISBURSEMENTS :** | | **$7,205.63** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 01/07/2016 By: /s/ Tom Vaughn

Trustee

**STATEMENT**: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.